IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FEDERAL INSURANCE COMPANY                         PLAINTIFF/
                                          COUNTER-DEFENDANT

v.                                   CAUSE NO. 1:15CV236-LG-RHW

                                               DEFENDANT/
SINGING RIVER HEALTH SYSTEM            COUNTER-PLAINTIFF

MEMORANDUM OPINION AND ORDER DENYING SINGING
RIVER'S MOTION TO JOIN PARTIES AND TO CONTINUE

   **BEFORE THE COURT** is the Motion [47] to Join Parties and to Continue

filed by Singing River Health System and Singing River Health System Foundation

pursuant to Fed. R. Civ. P. 19(a) and Fed. R. Civ. P. 56(d).[1]  Singing River has also

filed a Motion [73] asking the Court to expedite its consideration of the Motion to

Join and Continue.  After reviewing the submissions of the parties, the record in

this matter, and the applicable law, the Court finds that Singing River's Motion

should be denied.

## BACKGROUND

   Numerous state and federal lawsuits have arisen out of the alleged under-

funding of the Singing River Health System Employees' Retirement Plan and Trust.

Federal issued a policy to Singing River Health System for the period March 1,

2014, through March 1, 2015.  The policy contains two coverage sections: (1) an

---

[1] Singing River Health System Foundation has filed a "counterclaim" and is
referring to itself as a "counter-plaintiff" in this lawsuit, but it was not named as a
defendant in Federal Insurance Company's Complaint.  The Court will collectively
refer to Singing River Health System and Singing River Health System Foundation
as "Singing River" in this opinion.

Executive Liability, Entity Liability, and Employment Practices Liability Coverage Section that provides $5 million in coverage and (2) a Fiduciary Liability Coverage Section that provides $1 million in coverage. Singing River's past, present, and future directors, officers, trustees, and employees are listed as insureds under the Executive Liability, Entity Liability, and Employment Practices Liability portion of the policy. (Policy at 9 of 32, ECF No. 1-2). All past, present, and future executives and employees are classified as insureds under the Fiduciary Liability section. (*Id.* at 5 of 18). Federal agreed to defend all insureds under the policy subject to a reservation of rights in the lawsuits related to the Retirement Plan and Trust.

Federal seeks a declaration that the maximum coverage available under the Fiduciary Liability policy is the $1 million limit for fiduciary liability claims. According to Federal no coverage is available under the Executive Liability, Entity Liability, and Employment Practices Liability Coverage Section of the policy. Federal also seeks a declaration that defense costs incurred while defending the insureds under the Fiduciary Liability policy eroded the $1 million policy limits.

Singing River has filed a Counterclaim against Federal, attempting to assert the following "causes of action": (1) "Waiver, Estoppel, Unenforceable and Void Provisions;" (2) Civil Conspiracy; (3) Breach of Contract; (4) Tortious Breach of Contract; (5) Breach of Fiduciary Duty; (6) Breach of Duty of Good Faith and Fair Dealing and Bad Faith; (7) Vicarious Liability; (8) Interference with Contract and Business Relations; (9) Conversion; and (10) Actions Precluded by the Public Policy of Mississippi. Singing River's Counterclaim also names Federal's alleged claims

-2-

manager, Chubb & Son, Inc. a/k/a The Chubb Group of Insurance Companies, as a "counter-defendant."[2] Chubb has filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment [42] as to the claims filed by Singing River, asserting that it is a fictional entity that is not amenable to a lawsuit.

This Court issued a Memorandum Opinion and Order [62] holding that defense costs paid by Federal in the underlying pension plan litigation should not be deducted from the policy limits, because under Mississippi law Federal, not Singing River, was "legally obligated to pay" those defense costs. *Moeller v. American Guarantee & Liability Insurance Co.*, 707 So. 2d 1062 (Miss. 1996).[3] Before the Court entered its Order, Federal filed a Motion for Summary Judgment seeking "judgment as a matter of law that defense and indemnity obligations are limited to the policy's $1 million limits of liability for Fiduciary Liability Coverage." (Federal's Mot. at 2, ECF No. 32). Although this Court's Memorandum Opinion and Order [62] moots that portion of Federal's motion pertaining to defense costs, the portion of the Motion pertaining to coverage has not been resolved.

In the present Motion, Singing River asks the Court to join all of the insureds pursuant to the Federal policy and all plaintiffs in the underlying state and federal

---

[2] Chubb should actually be classified as a third party defendant, because it was not a party to Federal's Complaint. *See* Fed. R. Civ. P. 14.

[3] The policy language provides that only those defense costs the insured is "legally obligated to pay" reduce the policy limits. (Policy at 1 of 18, 4 of 18, 5 of 18, ECF No. 1-2). This Court's opinion was limited to defense costs incurred subject to the *Moeller* decision and did not address any defense costs that may be otherwise incurred.

lawsuits filed against Singing River as necessary parties to this lawsuit.  It also asks the Court to delay its ruling on the Motions filed by Federal and Chubb until all of these parties have joined the lawsuit and had an opportunity to appear. Singing River also asks the Court to delay its ruling on Chubb and Federal's Motions so that it can conduct discovery pursuant to Fed. R. Civ. P. 56(d).  Federal opposes the Motion to Join and Continue.  Chubb has not filed a response to the Motion.

**DISCUSSION**

**I.  RULE 19 JOINDER**

Rule 19 of the Federal Rules of Civil Procedure provides guidance for determining whether certain parties should be joined to a pending lawsuit.  Rule 19(a) pertains to "required parties" whose joinder would not deprive the court of subject matter jurisdiction, while Rule 19(b) pertains to required parties who cannot be joined as parties due to lack of jurisdiction.  Federal and Singing River agree that the insureds and claimants Singing River wishes to join in this lawsuit would not destroy the Court's jurisdiction; therefore, this Court must only determine whether the insureds and claimants constitute required parties pursuant to Fed. R. Civ. P. 19(a).

Fed. R. Civ. P. 19(a) provides that a party must be joined if (1) "in that person's absence, the court cannot accord complete relief among existing parties" or (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or

-4-

impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." "It is to be stressed that the criteria set forth in Rule 19 are not to be applied mechanically nor are they to be used to override compelling substantive interests . . . . The Rule 19 inquiry is a highly-practical, fact-based endeavor." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 273 F.R.D. 380, 385 (E.D. La. 2011) (quoting *Hood v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009); *Schuten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970)).

First, the absence of the individual insureds and underlying claimants will not prevent this Court from providing complete relief to Singing River and Federal. There is no indication that the absence of the individual insureds and claimants will prevent this Court from providing any of the relief sought by Singing River and Federal.

As for the second factor, determining the coverage and related issues in the absence of the individual insureds and underlying claimants will not impair or impede the ability of these absent parties to protect their interests. First, the interests of Singing River and the absent parties are virtually identical in that all of these parties would presumably advocate a finding of coverage. Therefore, the absent parties' interests will be adequately protected in this lawsuit. *See Bacardi Int'l Ltd. v. Suarez & Co., Inc.*, 719 F.3d 1, 11 (1st Cir. 2013); *Brown v. Amer. Int'l Grp., Inc.*, 339 F. Supp. 2d 336, 343 (D. Mass. 2004). Second, the individuals who

are in the best position to determine whether their interests are adequately protected in the present lawsuit are the individual insureds and claimants. None of these individuals have asked to intervene in this lawsuit, and this Court is hesitant to force them to incur the attorneys' fees necessary to participate in this lawsuit without their consent. Third, the individual insureds and claimants do have the option of filing motions to intervene if they feel that their interests are not protected.[4] Pursuant to Fed. R. Civ. P. 54(b), these individuals would even be permitted to seek amendment of any prior orders with which they disagree prior to the entry of final judgment. As a result, the denial of Singing River's Motion for Joinder will not impair or impede the absent parties' interests.

Turning to the third factor, the only existing party that would possibly face the risk of multiple or inconsistent obligations would be Federal. However, joinder is only required where this likelihood is "substantial." *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). The Court finds that the possibility of Federal facing multiple or inconsistent obligations is slim. Federal itself has not expressed any concern about this possibility, given that it opposes the Motion for Joinder.

---

[4] Singing River's reliance on *Ranger Insurance Company v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974), is misplaced for this reason. In *Ranger*, the absent claimants could not intervene in the Texas federal court action, because their presence in the lawsuit would destroy diversity. *See id.* at 682-83. Therefore, the only recourse the claimants had was filing a separate lawsuit that could possibly be hindered by the doctrine of stare decisis. *Id.* at 683. As a result, the Fifth Circuit affirmed the dismissal of the lawsuit so that all parties could participate in the case in a Texas state court. *Id.* at 684.

Finally, the logistics of joining several individual insureds, the three purported classes of claimants from the three federal court cases, and numerous individual state court claimants to this lawsuit should be considered.  Joining these parties would require substantial delay.  For example, Singing River claims that 135 additional lawsuits may be filed in state court in the future.  If Singing River's position were correct, this Court would be required to stay this lawsuit each time a new lawsuit was filed so that the new claimants could be joined in this lawsuit.  It is in the best interest of all parties to obtain resolution of the coverage issue presented in this lawsuit as quickly as possible.  As a result, the Court finds that all of the Rule 19(a) factors, as well as the unique circumstances of this particular case, weigh in favor of denying Singing River's request for joinder.

## II.  RULE 56(d) DISCOVERY

### A.  FEDERAL'S MOTION

Fed. R. Civ. P. 56(d) provides that a court may defer ruling on or deny a motion for summary judgment if the "nonmovant shows . . . that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion.  "To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement . . . why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Grp.*, 989 F.2d 1435, 1442 (5th Cir. 1993).

Singing River argues that it should be permitted to conduct discovery prior to responding to Federal's Motion for Summary Judgment.  Singing River generally

seeks to conduct discovery related to the claims it asserts in its Verified Complaint, which include waiver and estoppel.  It also wishes to conduct discovery related to Federal and Chubb's thought processes while making coverage and defense decisions.  It further claims that it should be permitted to depose several witnesses regarding the procurement of the Singing River policy.  Other general discovery requests include: discovery concerning a separate policy issued to Singing River Health System Foundation; discovery related to Federal's underwriting manuals, claim manuals, and other internal documents; discovery regarding whether a Mississippi attorney was consulted before making coverage determinations; and discovery concerning the treatment of *Beasley*, a lawsuit filed in state court.

Singing River does not explain how any of this discovery would assist it in responding to Federal's Motion.  The only issue presented in Federal's Motion is whether coverage exists under the Executive Liability, Entity Liability, and Employment Practices Liability portion of the policy.   The reasons why Federal and/or Chubb's employees made certain coverage or defense decisions is completely irrelevant to this determination.  Furthermore, Singing River has not explained how taking depositions of the agents who sold the policy at issue would help it respond to the Motion.  Since Singing River has not demonstrated that any of the requested discovery will assist it in responding to Federal's Motion, its request for Rule 56(d) relief must be denied. *See Wright ex rel. Wright v. United States*, 69 F. Supp. 3d 606, 617 (S.D. Miss. 2014) ("To secure a continuance for the purpose of obtaining discovery, the party opposing summary judgment must show that the

additional discovery will be more than a mere fishing expedition.").

### B.  CHUBB'S MOTION

The Court finds that Chubb's Motion should be held in abeyance while the Court and the parties address Federal's Motion for Summary Judgment.  The coverage issue is the most pressing issue presented in this lawsuit, and there is no need to resolve Chubb's Motion at this time.  Chubb is not obligated to file any pleadings related to the coverage issue; therefore, it will not be prejudiced by this Court's decision to delay ruling on its Motion.  The Court will deny Singing River's request for discovery concerning Chubb's Motion at this time.

### CONCLUSION

For the foregoing reasons, the Court finds that Singing River's Motion filed pursuant to Fed. R. Civ. P. 19(a) and Fed. R. Civ. P. 56(d) should be denied. Singing River's response to Federal's Motion for Summary Judgment [32] is due November 10, 2015.  Federal's reply is due ten days after the response is filed. Since it is in the best interest of all parties to resolve the coverage issue as quickly as possible, no motions for extensions of time or excess pages will be granted absent extenuating circumstances.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [47] to Join Parties and to Continue filed by Singing River Health System and Singing River Health System Foundation is **DENIED**.  Singing River's response to Federal's Motion for Summary Judgment [32] is due November 10, 2015.  Federal's reply is due ten days after the response is filed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Expedite Consideration [73] filed by Singing River Health System and Singing River Health System Foundation is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 26th day of October, 2015.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE