IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY** | **PLAINTIFF/ COUNTER-DEFENDANT** |
| v. | CAUSE NO. 1:15CV236-LG-RHW |
| **SINGING RIVER HEALTH SYSTEM** | **DEFENDANT/ COUNTER-PLAINTIFF** |

ORDER DENYING MOTION FOR CERTIFICATE OF
APPEALABILITY AND MOTION TO STAY PROCEEDINGS

**BEFORE THE COURT** are Federal Insurance Company's Motion for Certificate of Appealability [66] and Motion to Stay Proceedings [68].  Federal asks the Court to grant it permission to file an interlocutory appeal as to this Court's Memorandum Opinion and Order [62] granting partial summary judgment in favor of Singing River.  Federal also asks this Court to stay Federal's obligation to pay the defense costs of its insureds while the appeal is pending.  Singing River has filed a response in opposition to the Motions, and it has filed a Motion to Strike [78] exhibits that Federal submitted in support of its Motion.  Singing River has also filed a Motion to Stay [88] this Court's ruling on Federal's Motion, because Federal filed a Notice of Appeal on October 30, 2015.

After reviewing the Motions, the record in this matter, and the applicable law, the Court finds that Federal's Motion for a Certificate of Appealability and Motion to Stay should be denied.  Singing River's Motion to Strike is moot, because the exhibits at issue do not affect this Court's ruling.  The Court further finds that a stay of this Court's ruling on Federal's pending Motions is unnecessary.  Therefore,

Singing River's Motion to Stay is denied.

## BACKGROUND

Numerous state and federal lawsuits have arisen out of the alleged underfunding of the Singing River Health System Employees' Retirement Plan and Trust. Federal issued an insurance policy to Singing River Health System for the period March 1, 2014, through March 1, 2015. The policy contains two coverage sections: (1) an Executive Liability, Entity Liability, and Employment Practices Liability Coverage Section that provides $5 million in coverage and (2) a Fiduciary Liability Coverage Section that provides $1 million in coverage. Federal agreed to defend all insureds under the policy subject to a reservation of rights in the lawsuits related to the Retirement Plan and Trust. Federal allowed its insureds to select their own counsel.

Federal filed this lawsuit seeking a declaration that the maximum coverage available under the policy is the $1 million limit pertaining to fiduciary liability claims, and that no coverage is provided under the Executive Liability, Entity Liability, and Employment Practices Liability Coverage Section of the policy. It also seeks a declaration that defense costs incurred while defending the insureds under the Fiduciary Liability coverage has eroded the $1 million policy limits.

On October 2, 2015, this Court entered a Memorandum Opinion and Order [62] holding that defense costs paid in the underlying pension plan litigation should not be deducted from the policy limits, because Federal, not Singing River, was "legally obligated to pay" those defense costs pursuant to *Moeller v. American*

*Guarantee & Liability Insurance Co.*, 707 So. 2d 1062 (Miss. 1996).  Federal seeks permission to appeal the Memorandum Opinion and Order.  It also asks the Court to stay its obligation to pay its insureds' defense costs while the interlocutory appeal is pending.

On October 30, 2015, the same day that Federal filed its reply in support of its pending Motions, Federal filed a Notice of Appeal [83].  Singing River has filed a Motion asking the Court to stay its ruling on Federal's Motions, so that it can research whether Federal's Notice of Appeal divested this Court of jurisdiction to consider Federal's Motions.

## DISCUSSION

**I.  FEDERAL'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND MOTION TO STAY PROCEEDINGS**

Fed. R. Civ. P. 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  A district court order is appealable "[i]f the language in the order . . . either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b) . . . ."  *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990).

The decision whether to certify an order as a final judgment is left to the district court's discretion.  *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

> One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals . . . . A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel.

*Id.* at 1421 (internal citations omitted).

In its Rule 54(b) Motion, Federal argues that it would be subjected to hardship if it were not permitted to appeal this Court's Memorandum Opinion and Order [62]. Federal asserts that it has now paid more than $1.4 million in defense fees in the underlying pension plan litigation, while it claims the policy limits for defense fees as well as coverage total $1 million. However, Federal's argument disregards the fact that the policy issued to Singing River contains two coverage sections: (1) an Executive Liability, Entity Liability, and Employment Practices Liability Coverage Section that provides $5 million in coverage and (2) a Fiduciary Liability Coverage Section that provides $1 million in coverage. No determination has yet been made regarding whether coverage or a defense is owed under the Executive Liability, Entity Liability, and Employment Practices Liability Coverage Section of the policy. As a result, even if this Court had held that the defense costs Federal has been paying pursuant to *Moeller* eroded the policy limits, this Court could not have held as a matter of law that Federal could stop paying its insureds' defense costs upon paying $1 million at this stage of the litigation. For this same reason, Federal cannot demonstrate that it will be subjected to undue harm if it is not permitted to appeal this Court's Memorandum Opinion and Order.

The issue of whether coverage exists under the Executive Liability, Entity Liability, and Employment Practices Liability Coverage Section of the policy is pending before the Court in a Motion for Summary Judgment [32] filed by Federal. And the Court has taken measures to provide an expedited ruling on this issue.[1] Furthermore, when this Court weighs the potential harm that could result to the insureds if Federal stopped paying their defense costs, with the harm that would result if Federal paid defense costs it ultimately did not owe, the harm that could befall the insureds should be given greater consideration. *See XL Specialty Ins. Co. v. Level Glob. Inv'rs, L.P.*, 874 F. Supp. 2d 263, 272 (S.D.N.Y. 2012) (holding that the failure to receive defense costs under a professional liability policy at the time they are incurred constitutes irreparable harm).

Federal also argues that an immediate appeal is necessary, because this Court's Memorandum Opinion and Order [62] has created confusion and uncertainty in the insurance industry. Federal contends that this Court gave no meaning to numerous policy provisions that it claims are clear and unambiguous. This Court has, in accordance with Mississippi law, attempted to construe Federal's policy as a whole. The meaning of all of the provisions that Federal references in its Motion have been examined in conjunction with Federal's own policy definitions of

---

[1] After ruling on the Motion for Summary Judgment [32], the Court may, upon request, certify that order, as well as its prior Memorandum Opinion and Order [62] as a partial final judgment, so that the appellate court can examine both issues at the same time.

"defense costs" and "loss."[2]  When the policy is viewed as a whole, only those "defense costs" that the insured is legally obligated to pay erode the policy limits. (*See* Policy at 1 of 18, 12-13 of 18, ECF No. 1-2).

In *Moeller*, the Mississippi Supreme Court held that "[w]hen defending under a reservation of rights . . . a special obligation is placed upon the insurance carrier. . . . . [N]ot only must the insured be given the opportunity to select his own counsel to defend the claim, the carrier must also pay the legal fees reasonably incurred in the defense." *Moeller v. Amer. Guar. & Liab. Ins. Co.*, 707 So. 2d 1062, 1069 (Miss. 1996).  Therefore, the insured is not "legally obligated" to pay defense costs incurred under *Moeller*.  The Court's opinion was limited to *Moeller* counsel fees and did not address any other form of "defense costs" that may be incurred.  It is the policy language in combination with the Mississippi Supreme Court's decision in *Moeller* that produces this case specific result.  Thus, the Court's ruling is not nearly as apocalyptic as Federal claims.

In the alternative, Federal asks this Court to certify its Memorandum Opinion and Order [62] as a final judgment pursuant to 28 U.S.C. § 1292(b), which provides:

---

[2] "Defense Costs means **that part of Loss** consisting of reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses . . . . incurred in defending any Claim and the premium for appeal, attachment or similar bonds." (Policy at 4 of 18, ECF No. 1-2) (emphasis added). "Loss means the amount that any Insured **becomes legally obligated to pay** on account of any covered Fiduciary Claim, including but not limited to . . . Defense Costs . . . . (*Id.* at 5 of 18) (emphasis added).

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

As noted above, an appeal will not "materially advance the ultimate termination of this litigation" until this Court has had an opportunity to rule on the pending Motion regarding the Executive Liability, Entity Liability, and Employment Practices Liability Coverage Section. As a result, there is no need for an immediate appeal at this time. Federal's Motion for Certificate of Appealability and Motion for Stay are denied.

## II. SINGING RIVER'S MOTION TO STAY

In its Motion to Stay, Singing River seeks time to research whether Federal's Notice of Appeal [83] divested this Court of jurisdiction to consider Federal's Motion for permission to appeal and Motion to stay.

"[T]he filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." *Ross v. Marshall*, 426 F.3d 745, 752 (5th Cir. 2005). Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure provides:

> If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such

remaining motion is entered.

One of the Motions listed in Rule 4(a)(4)(A) is a Motion to alter or amend a judgment under Rule 59. Fed. R. App. P. 4(a)(4)(A)(iv).

Assuming that Federal's Notice of Appeal, which was filed before any final judgment was entered, could divest this Court of jurisdiction, Federal's Motion for a Certificate of Appealability is, in essence, a motion to amend this Court's Memorandum Opinion and Order [62]. Specifically, Federal is asking the Court to convert the Memorandum Opinion and Order [62] into an appealable order. As a result, this Court is permitted to rule on Federal's Motion. Furthermore, this Court's Order on Federal's Motion will aid the appellate court by clarifying that this Court has not granted Federal permission to appeal the Memorandum Opinion and Order [62]. As a result, Singing River's Motion to Stay is denied.

### III.  SINGING RIVER'S MOTION TO STRIKE

Singing River's Motion to Strike the exhibits that Federal provided in support of its Motion is moot, because those exhibits had no impact on this Court's ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Certificate of Appealability [66] and the Motion to Stay Proceedings [68] filed by Federal Insurance Company are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Strike [78] filed by Singing River is **MOOT**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that a Motion to Stay [88] filed by Singing River is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 2nd day of November, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE