IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY** | **PLAINTIFF/ COUNTER-DEFENDANT** |
| v. | CAUSE NO. 1:15CV236-LG-RHW |
| **SINGING RIVER HEALTH SYSTEM** | **DEFENDANT/ COUNTER-PLAINTIFF** |

ORDER DENYING SINGING RIVER'S
MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the Motion for Reconsideration [92] filed by Singing River. In its Motion, Singing River seeks reconsideration of this Court's Memorandum Opinion and Order [77] denying Singing River's Motion to Join Parties and to Continue. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

DISCUSSION

On October 26, 2015, this Court denied Singing River's request for permission to conduct discovery related to Federal's Motion for Summary Judgment, because Singing River failed to demonstrate how the requested discovery would assist it in responding to Federal's Motion. The Court also denied Singing River's request for joinder of numerous claimants and insureds pursuant to Fed. R. Civ. P. 19(a). Singing River claims that it needs to conduct discovery to determine whether the doctrines of waiver and estoppel preclude coverage. Singing River also asserts that the claimants in the underlying pension plan litigation and several

individual insureds may be prejudiced if they are not compelled to join this lawsuit.

Singing River still has not explained how the extensive discovery it wishes to conduct would assist it in responding to Federal's Motion. In its initial Motion, Singing River provided a long list of proposed discovery without giving the Court any indication of what it hoped to learn from each deposition and discovery request. In its Motion for Reconsideration, Singing River merely quotes cases pertaining to waiver and estoppel and compares them with allegations in its counterclaim. As this Court previously explained, Rule 56(d) discovery is not permitted for fishing expeditions. *See Wright ex rel. Wright v. United States*, 69 F. Supp. 3d 606, 617 (S.D. Miss. 2014). If Singing River has evidence of waiver or estoppel, it should produce it in opposition to Federal's Motion. Singing River has not demonstrated the need for discovery on these issues.

As for the portion of Singing River's Motion pertaining to joinder, Singing River argues that the ability of the claimants and insureds to intervene in this lawsuit is not a valid ground for denying joinder. It also notes that it is unclear whether the claimants and insureds have received notice of this lawsuit.[1] However, Singing River does not address this Court's concern that joinder of an ever-growing number of claimants and insureds would cause this lawsuit to become unmanageable. For the reasons stated in this Court's prior Memorandum Opinion

---

[1] The attorneys who represent several of the individual insureds have provided affidavits in this lawsuit; therefore, it appears that most, if not all, of the insureds do have notice of this lawsuit. (*See* Affidavits, ECF No. 60).

and Order [77], Singing River's Motion for Reconsideration is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Reconsideration [92] filed by Singing River is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of November, 2015.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge
